WILLARD E. HOWELL v. WILLIAM O. McDOWELL.

The receiver appointed in proceedings under the act in aid of executions, is not entitled to wages due to the defendant in execution for his personal services.

On case certified by the Essex Circuit.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *Frank E. Bradner*.

For the defendant, *Frederick S. Fish*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   There is but a single question to be settled in this case, which is whether wages will pass to a receiver appointed, according to the statute, under proceedings auxiliary to an execution.   The debt in question accrued under a building contract, wherein it was agreed that the plaintiff would purchase the materials for certain buildings and employ the requisite labor, the bills for which were to be paid by the defendant, the plaintiff stipulating to give, in the language of the agreement, " such personal supervision as shall be necessary to execute the work in a good and workmanlike manner by July 1st, with the greatest economy and dispatch, and shall receive as compensation for his service seven per cent. on the entire cost." The money thus earned by the plaintiff was plainly wages, or compensation for his personal labor. The inquiry therefore is, as above stated, Can wages be subjected to the operation of a judgment, by force of the statute, through the medium of a receivership ?

The language of the act on this subject is far from being explicit, but an attentive comparison of the several provisions, has led to the view that it was not the legislative intention to compel the application of wages to the satisfaction of judgments.

The twenty-third, twenty-fourth and twenty-sixth sections of the act respecting executions are the relevant provisions. The first of these sections provides, in general terms, that upon the prescribed petition being presented, the judge to whom the application is made may make an order " requiring the judgment creditor to appear and make discovery, on oath, concerning his property and things in action, before a commissioner," with a further direction that if in the original petition, or in one supplementary thereto, it shall appear " that any person owes the said debtor, otherwise than for his *labor*

*or personal services*, or the *labor or personal services of any* member of his family, or holds money or property in possession or action, in trust for him or for his use as aforesaid, the said judge shall make an order forbidding the payment of such debt or transfer of such property or money by or to the said debtor, or any third person, until further order," &c.

The receivership originates by force of the twenty-sixth section, and the pertinent clause reads as follows, to wit : " And thereupon, after considering the evidence of said party and witnesses, taken before said commissioners, or by himself, it shall be lawful for said judge to make order appointing a receiver of the property and things in action belonging to or due to, or held in trust for such debtor as aforesaid, at the time of the issuing said execution, or at any time afterwards, who thereby shall receive authority to possess, receive, and if need be in his own name as such receiver, sue for property, or things in action, &c., and said judge shall order said judgment debtor to convey and deliver to such receiver all such property and rights in action and the evidence thereof."

This collation of these several regulations suggests, on the face of the subject, the question why it is, if wages are subjected to the execution, that they are so carefully preserved from the operation of the injunction authorized by the twenty-fourth section ? It does not appear to be practicable to suggest any reasonable purpose, to effect which this exemption was made on the theory of the liability of this class of debts. Taking it in this aspect it would be of no substantial benefit to the defendant in execution, for a notice of the pendency of the procedure would as effectually prevent his debtor from paying the money to him, as would the injunction order itself. In the case of *Coleman* v. *Roff*, 16 *Vroom* 7, it was held by this court that all the choses in action, subject to these proceedings, are bound from the time of their inception so far as persons having notice of their pendency are concerned. Therefore, if wages can be brought in as claimed by the receiver, the limitation on the scope of the injunction has little, if any efficacy. While, on the contrary hypothesis, it performs an

---

important office. It does not, therefore, seem a reasonable construction to infer that the legislature meant to say that the debtor shall not be enjoined from collecting this class of debts, while in the same act it has made it practically impossible for the debtor to make such collection. In view of this consideration there is great force in the contention of the counsel of the plaintiff that there is by the terms of the section that provides for the appointment, a limitation of the description of the property that is to become vested in such officer. The statute declares that he is to be receiver " of the property and things in action belonging to or due to, or held in trust for such debtor as aforesaid." The last antecedent in the act to this clause is the description of the debtor's property contained in the clause forbidding the payment to the debtor of moneys due to him, and the property so described does not include money due to the debtor for his labor or personal services.

Let the Circuit Court be advised that the property in question did not vest in the receiver.